REQUESTED BY: Dear Governor:
You have requested the opinion of this office regarding whether the provisions of section 84-1317, R. R. S. 1943, regarding the mandatory retirement of state employees at the age of 72, applies to salaried commission members appointed by the Governor for a term of years, specifically members of the Liquor Control Commission. In the opinion of this office, the mandatory retirement provisions of section 84-1317
do apply to a commissioner appointed to the Liquor Control Commission.
Section 84-1317 in pertinent part reads as follows:
 "Any employee shall be required to retire at the end of the month in which his sixty-fifth birthday occurs, except that with the annual approval of the department concerned and the employee, such employee may continue his employment until the attainment of age seventy-two; . . .
 ". . . The provisions pertaining to mandatory retirement shall not apply to elected officials. . . ."
The first question which must be dealt with is whether a commissioner appointed by the Governor is an employee within the meaning of that section. Section 84-1301(1), R.R.S. 1943, defines employee as follows:
 "Employee shall mean any person or officer employed by the State of Nebraska whose compensation is paid out of state funds or funds controlled or administered by a state department through any of its executive or administrative officers when acting exclusively in their respective official, executive, or administrative capacities; but shall not include judges, members of the Nebraska State Patrol, employees of the University of Nebraska, employees of state colleges, employees of technical community colleges, employees of the Division of Employment of the Department of Labor, the Commissioner of Labor, employees of the State Board of Agriculture whose compensation is not paid out of the General Fund, the Nebraska National Guard air and army technicians, or persons eligible for membership under the School Retirement System of the State of Nebraska, except that those persons so eligible and who as of September 2, 1973 are contributing to the State Employees Retirement System shall continue as members of such system; Provided, that any individual appointed by the Governor may elect not to become a member of such retirement system."
We note first of all that a commissioner appointed to the Liquor Control Commission is not among those positions which are specifically excluded from the definition of employee. We note also that the proviso at the end of section84-1301(1) does apply to a member of the Liquor Control Commission as they are appointed by the Governor. The question is, therefore, whether the proviso allows the individual appointees to decide whether he is an employee within the meaning of section 84-1317. In the opinion of this office, the proviso only allows the appointee to elect whether he will make contributions to the retirement account and consequently be entitled to retirement benefits upon retirement. It does not allow the appointee to elect not to be covered by section 84-1317. It seems logical that if the appointee were to be excluded from the definition of employee, the Legislature would have included the appointee in the list of exclusions. Instead, the Legislature provided that the appointee `may elect not to become a member of such retirement system' (emphasis added) which indicates that the appointee is an employee but need not participate in the retirement benefit program. The only intent expressed by the Legislature when the language of the proviso was added in 1974 was that the appointee should not be required to have money withheld for retirement benefits since most would only be on the state payroll for only a few years. It is therefore the opinion of this office that an appointee of the Governor is an employee within the meaning of section84-1317 whether or not the appointee elects to participate in the retirement benefit program under section 84-1301(1).
Also of note is the fact that elected officials are specifically exempted from the provisions of section84-1317, while appointed officials are not. Additionally, section 84-1330.01, R.R.S. 1943, provides that the provisions of section 84-1317 `pertaining to elected officialsor other employees having a regular term of office shall be so interpreted as to effectuate its general purpose and to take effect as soon as the same may become operative under the Constitution of the State of Nebraska.' (Emphasis added.) This seems to indicate both that appointed officials holding a regular term of office are considered employees and that they fall within the application of section84-1317.
The final problem posed is what is the meaning of `retire' within the scope of the mandatory retirement provisions of section 84-1317. Section 84-1301(3), R.R.S. 1943, defines retirement as the following unless the context otherwise requires:
 "Retirement shall mean qualifying for and accepting a retirement allowance granted under the provisions of section 84-1301 to 84-1331."
It is the opinion of this office, however, that the definition of retirement contained in section 84-1301(3) does not apply to the use of the word retire in the mandatory retirement provisions of section 84-1317 because the context requires otherwise. The critical portion of section 84-1317
appears to speak of retirement in terms of discontinuing employment rather than in terms of qualifying for and accepting a retirement allowance and specifically provides that an employee may only `continue his employment' until the age of seventy-two with the proper approval. The legislative history of LB 55 of 1973 seems to support this view. LB 55 made mandatory the retirement of employees at the age of seventy-two. The express purpose of the bill was to discontinue possible discriminatory practices in allowing continuing employment beyond the age of seventy-two. The purpose was not in any way related to the retirement fund or qualifying for and accepting a retirement allowance. The specific terms of the statute, in fact, do not speak of retirement at seventy-two but merely authorize continued employment until the age of seventy-two.
Furthermore, to interpret section 84-1317 so as to allow the election by the appointee as to whether he will become a member of the retirement system control whether he is covered by the mandatory retirement provisions does not seem to be warranted by the intent of the Legislature in enacting the proviso in section 84-1301(1). As stated earlier, the only intent expressed was to not require the appointee to join the system and make the contributions for the short period of time he would hold the office.
Although there is some confusion as to the application of section 84-1317 in this specific situation, it is our opinion that the mandatory retirement provisions of that section do apply to a member of the Liquor Control Commission even though he has elected not to become a member of the retirement system for the reasons expressed above.
If you have further questions concerning this matter, please do not hesitate to contact this office.